UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER N. RHODES, JR.,

       Petitioner,

v.                                                    CASE NO. 8:13-cv-1424-T-36AEP

FLORIDA PAROLE COMMISSION,
et al.,

       Respondents.

_____

## **ORDER**

Petitioner, an inmate in the Florida penal system, proceeding *pro se* brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  The Court has considered the Petition, Respondents' responses, (Doc. Nos. 8, 9), and Petitioner's Reply (Doc. 10).  Upon review of the briefs and record, the Court concludes the petition must be denied.[1]

## I. BACKGROUND

Petitioner was convicted in 1969 in the Eleventh Circuit Court in and for Dade County, Florida in case number 69-2765 of assault with intent to commit a felony, to wit: robbery.  The trial court sentenced Petitioner to a seven and one-half year term of imprisonment.  (Doc. 9-2 at 2).  Petitioner also entered a plea in the same court in case number 69-5709 to another charge of assault with intent to commit a felony, to wit: robbery.  (Doc. 9-3 at 2).  The trial court imposed a seven and one-half year term of imprisonment to run consecutive to the sentence in case number 69-2765.  *Id.*  On January 22, 1974, the Florida Parole Commission ("FPC") released Petitioner

---

[1]The habeas petition alleges three grounds for relief.  Each of the grounds, however, has multiple sub-parts.  The Court, therefore, has counted each sub-part as an individual claim in order to more easily address each claim raised by Petitioner.

from prison on parole.   (Doc. 9-4 at 2).   While on parole, Petitioner committed and was convicted convicted of two counts of second degree murder and one count of kidnaping in the Seventeenth Judicial Circuit Court, in and for Broward County, Florida in case number 76-1275, and was sentenced to life in prison.   (Doc. 9-5 at 1-9).   On November 18, 1976, the FPC revoked Petitioner's parole.   (Doc. 9-6).

In 1977, Petitioner was convicted of attempted escape in the Twelfth Judicial Circuit Court, in and for Desoto County, Florida in case number 77-76-CF.   (Doc. No. 9-7).   The trial court sentenced Petitioner to a fifteen-year term of imprisonment to run consecutive to any sentence Petitioner was serving.   *Id.*

In 1981, Petitioner was convicted of attempted escape from prison in the Sixth Judicial Circuit Court, in and for Pasco County, Florida in case number 81-2295.   (Doc. No. 9-8).   The trial court sentenced Petitioner to a five-year term of imprisonment to run consecutive to any sentences currently being served by Petitioner.   *Id.*

On April 12, 1994, the FPC released Petitioner on parole.   (Doc. No. 9-9).   On December 22, 1994, the FPC issued a warrant for the retaking of Petitioner because he had absconded and failed to report for treatment.   (Doc. No. 9-10).   Petitioner remained at large for more than ten years.   On July 19, 2004, Petitioner was convicted of perjury in Washington in case number 03-1-00295-8.   (Doc. No. 9-11 at 12-22).   The trial court sentenced Petitioner to a thirty-three month month term of imprisonment.   *Id.*

The final parole revocation hearing on Petitioner's Florida convictions was conducted on October 3, 2005, after Petitioner's sentence for the Washington conviction concluded.   Petitioner pleaded guilty to the parole violations.   (Doc. 9-12 at 2-9).   On November 9, 2005, the FPC

2

revoked Petitioner's parole.   (Doc. 9-12 at 2).   On May 17, 2006, the FPC established Petitioner's

Petitioner's presumptive parole release date ("PPRD") to be February 4, 2047, and determined that

Petitioner's next parole interview date would be five years later in January 2011.   (Doc. 9-14 at

2-7).   Petitioner sought administrative review of the decision.   (Doc. 9-15 at 3).   On September

22, 2006, the FPC determined that Petitioner's request did not merit modification of the PPRD or

the next parole interview date.   *Id*. at 2.

On December 24, 2007, Petitioner filed a petition for writ of mandamus in the Second

Judicial Circuit Court, in and for Leon County, Florida, challenging the revocation of his parole,

his PPRD, and his next parole interview date.   (Doc. 9-16 at 2-62).   The FPC subsequently

requested a remand regarding one of the issues raised by Petitioner.   *Id*. at 65-66.   The state court

court granted the request, and on August 6, 2008, the FPC recalculated Petitioner's PPRD to be

June 4, 2042.   *Id.* at 66; *see also* Doc. 9-17 at 2-8.   The state court subsequently denied the

petition for writ of mandamus.   (Doc. 9-18 at 2-7).

Petitioner filed a petition for writ of certiorari with the First District Court of Appeal of

Florida.   The appellate court granted the petition and remanded the case for further proceedings

pursuant to *Bard v. Wolson*, 687 So.2d 254 (Fla. 1st DCA 1996).[2]   (Doc. 9-16 at 66).   On remand,

remand, the Second Judicial Circuit Court denied the petition for writ of mandamus after Petitioner

filed a reply to the FPC's response to the petition.   (Doc. No. 9-18).   Petitioner filed a petition

for writ of certiorari with the First District Court of Appeal of Florida, which was denied.   (Doc.

---

[2]In *Bard*, the court held that the prisoner was entitled to twenty days to file a reply to the FPC's response to a petition for writ of habeas corpus before the petition could be denied.   687 So. 2d at 255.   The court, therefore, reversed and remanded the case to allow the prisoner an opportunity to file a reply to the response.   *Id*.

No. 9-19).   Mandate was issued on June 18, 2012.   *Id.*

## II.   STANDARD OF REVIEW

A habeas petition brought pursuant to 28 U.S.C. § 2241 challenging the actions of the state parole commission are subject to the rules and regulations of 28 U.S.C. § 2254.   *Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004).   Pursuant to the Antiterrorism Effective Death Penalty Act ("AEDPA"), federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision."   *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider."   *Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the

4

United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## III. Discussion

Petitioner asserts fourteen claims for relief in his petition: (1) his right to due process was denied based on (a) the introduction of false data into the court record (claim one), (b) the FPC's reliance on laches and the state court's consideration of laches (claim two), (c) the state court's ruling that the entire record had been reviewed even though the FPC lost or destroyed some of Petitioner's records (claim three), (d) ex post facto violations (claim four), (e) double jeopardy violation by permitting illegal aggravations and aggregation of expired sentences (claim five), (f) double jeopardy violation from the failure to give credit for time served (claim six), (f) the FPC increasing the recommended penalty without written specificity (claim seven), (g) the FPC's solicitation of non-victims' testimony to oppose Petitioner's parole (claim eight), and (h) the FPC's failure to consider a legal document submitted into evidence by Petitioner's attorney (claim nine); (2) ex post facto violations occurred based on (a) the retroactive application of current revised

guidelines which substantially increased Petitioner's presumptive parole release date ("PPRD") (claim ten), (b) the taking away of gain time accumulated on Petitioner's original commitment on his expired sentences (claim eleven), and (c) the FPC increasing Petitioner's parole reviews to every five years from every two years (claim twelve); and (3) double jeopardy violations occurred based on (a) the FPC increasing the amount of time Petitioner must serve based on his expired sentences for two assaults (claim thirteen), and (b) the FPC's failure to give Petitioner credit for time served from September 9, 2003, the date of his arrest for parole violation, through August 9, 2005, when he was delivered to the Florida Department of Corrections ("FDOC") and the adding of this time to his PPRD (claim fourteen).

### A.    Timeliness

Pursuant to 28 U.S.C. § 2244:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --

  (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction

> or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

As noted *supra*, § 2241 petitions challenging the actions of the state parole commission are subject to the rules of § 2254. *Peoples,* 393 F.3d at 1353. "[T]he § 2244(d)(1) statute of limitations applies to § 2254 petitions that challenge parole revocations." *Chambers v. Florida Parole Comm'n*, 257 F. App'x 258, 259 (11th Cir. 2007) (citing *Peoples*, 393 F.3d at 1353). The Eleventh Circuit has not determined which provision of § 2244(d) triggers the statute of limitations in these cases but has assumed that § 2244(d)(1)(A) or § 2244(d)(1)(D) is the appropriate provision. *Id.* at 260; *see also Hawes v. Howerton,* 335 F. App'x 882, 884 (11th Cir. 2009) ("When as here, the petitioner is challenging a parole board decision, the limitations period begins to run on 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'"); *Brown v. Barrow,* 512 F.3d 1304, 1307 (11th Cir. 2008) (concluding that subsection (D), not subsection (A), of 28 U.S.C. § 2244(d)(1), is the applicable subsection for computing the limitations period in actions challenging the denial of parole). The Eleventh Circuit has also held that "the statute of limitations in AEDPA applies on a claim-by-claim basis in a multiple trigger date case." *Zack v. Tucker*, 704 F.3d 917, 926 (11th Cir. 2013).

Petitioner's claims in four through fourteen are premised on either the FPC's actions and decisions in revoking Petitioner's parole in 2005 or the FPC's actions in setting his PPRD in 2006. In contrast, claims one through three are premised on actions occurring in the Second Judicial Circuit Court in Petitioner's petition for writ of mandamus proceedings. Thus, this case involves

multiple trigger dates for calculating the AEDPA statute of limitations for Petitioner's claims.

On November 9, 2005, the FPC revoked Petitioner's parole.   On September 22, 2006, the FPC denied Petitioner's request to modify his PPRD or his next parole date.   Thus, the one-year limitation for claims four through fourteen began to run at the latest on September 22, 2006, under § 2244(d)(1)(D).   Thus, Petitioner had until September 22, 2007, to timely file a habeas petition asserting these claims.   Petitioner did not file his petition until May 29, 2013.

The Court is aware that Petitioner filed a petition for writ of mandamus on December 24, 2007; however, because the one-year period concluded before Petitioner initiated that proceeding, the tolling provision of § 2244(d)(2) does not apply to the state court proceedings.   *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").   Therefore, claims four through fourteen are untimely.[3]   The Court will address

---

[3] In his Reply, the only argument raised by Petitioner concerning the timeliness of the petition is that he had one year from the date the First District Court of Appeal denied his petition for writ of certiorari to file his federal petition.   (Doc. 10 at 1-2).   This argument is unavailing for the reasons stated *supra*.

Although not argued by Petitioner, to the extent the limitations period for raising claims five, six, ten, eleven, twelve, thirteen, or fourteen began to run under § 2244(d)(1)(D) on August 6, 2008, the date the FPC recalculated Petitioner's PPRD, these claims would arguably be timely. However, from review of the Petition and Reply, it does not appear that these claims stem from the August 6, 2008 PPRD calculation and thus are not timely under § 2244(d)(1)(D). Nevertheless, if they do arise from the August 6, 2008 calculation, the claims are subject to denial pursuant to § 2254(d).   *See, e.g., Thorne v. Chairperson Florida Parole Comm'n*, 427 F. App'x 765 (11th Cir. 2011) (holding that retroactive change in law providing that prisoners convicted of second degree murder would have parole interviews every five years did not create significant risk of prolonging prisoner's incarceration so as to establish an ex post facto violation); *Jonas v. Wainwright*, 779 F.2d 1576, 1577 (11th Cir. 1986) ("The double jeopardy clause does not apply to parole revocation proceedings, . . . and for the same reasons it does not apply to vacation of a presumptive parole release date."); *Garcia v. United States*, 769 F.2d 697, 700 (11th Cir. 1985)

the merits of the remaining claims hereinafter.

### B.     Merits

#### i.      Claim One

Petitioner contends that the introduction of false data into the court record denied him of his right to due process.   In support of ground one, Petitioner maintains that the state court in denying his petition for writ of mandamus relied on a false statement submitted by the FPC that the Dade County attorney's office testified at the commission hearing regarding Petitioner's murder conviction.   (Doc. No. 1 at 35-36).   Petitioner also notes that the state court erroneously stated in the order denying his petition for writ of mandamus that Petitioner was serving sentences imposed for his 1969 Dade County convictions but those sentences had expired.   *Id.* at 36-37.

The Eleventh Circuit has explained:

> The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."   U.S. Const. amend. XIV, § 1.   Generally, due process is violated when the state deprives a person of a protected liberty interest through a constitutionally inadequate process.   *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006).

("The law in this circuit is that the Double Jeopardy Clause does not apply to parole revocation proceedings."); *Trice v. Crews*, No. 3:13CV30/MCR/EMT, 2013 WL 5234319, at *9 (N.D. Fla. Sept. 16, 2013) (noting that the Eleventh Circuit has not decided whether the forfeiture of an inmate's gain time after the revocation of a prisoner's release violates federal law but recognizing that circuit precedent as established in *Lambert v. Warden, U.S. Penitentiary*, 591 F.2d 4, 8 (5th Cir.1979) rejects this argument in the context of federal parole); *Gross v. McNeil*, No. 306-CV-471-J-34TEM, 2009 WL 3157641, at *1-*13 (M.D. Fla. Sept. 25, 2009) (denying *ex post facto* claims premised on the FPC's use of current parole laws and rules to establish the PPRD); *Lashley v. State of Fla.*, 413 F. Supp. 850, 852 (M.D. Fla. 1976) ("The Court therefore holds that there is no double jeopardy to an inmate when, upon revocation of his parole, he forfeits all of his accumulated gain time; and the statute which authorizes such is indisputably constitutional."). Consequently, claims five, six, ten, eleven, twelve, thirteen, and fourteen are alternatively denied pursuant to § 2254(d).   Likewise, Petitioner has not established that the state court's denial of the remaining claims is contrary to, or an unreasonable application of federal law, and those claims are denied under § 2254(d).

> There is no federal constitutional right to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2104, 60 L. Ed. 2d 668 (1979). However, a state may establish a protected liberty interest in parole by creating a legitimate expectation of parole. *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001) (*per curiam*). Florida's parole statutes do not create a liberty interest because the Florida Parole Commission retains discretion over whether to grant or deny parole. *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 931–32 (11th Cir. 1986) (*per curiam*). Nonetheless, even without a protected liberty interest, a due process claim may be available if the Commission engaged in "flagrant or unauthorized action" or treated a prisoner "arbitrarily and capriciously" in making a parole determination, such as by knowingly or admittedly relying on false information. *Monroe v. Thigpen*, 932 F.2d 1437, 1441–42 (11th Cir. 1991); *Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982) (*per curiam*).

*Harrell v. Florida Parole Comm'n,* 479 F. App'x. 234, 236 (11th Cir. 2012). Likewise, "[t]here is no liberty interest in the calculation of Florida's 'presumptive parole release date' even though it is binding on the Commission, because the ultimate parole decision is a matter of Commission discretion." *Walker v. Florida Parole Comm'n,* 299 F. App'x 900, 902 (11th Cir. 2008) (citing *Damiano,* 785 F.2d at 932).

In the instant case, Petitioner has not established that the FPC or the state court knowingly relied on false information to revoke his parole, to establish his PPRD, or to deny his petition for writ of mandamus. "[P]risoners do not state a due process claim by simply asserting that erroneous information might have been used during their parole consideration." *Id.* (citing *Slocum v. Ga. State Bd. of Pardons & Paroles*, 678 F.2d 940, 941 n.1, 942 (11th Cir. 1982)). Even assuming that the purported false statements cited by Petitioner were made by the FPC in responding to the petition for writ of mandamus and were relied on by the state court, there is no indication that the FPC relied on these statements in revoking Petitioner's parole or setting his PPRD. *See* Doc. Nos. 9-14 at 2-7; 9-17 at 2-8. Thus, Petitioner has not demonstrated that the state court's denial of this claim is contrary to, or an unreasonable application of, clearly

10

established federal law.   Accordingly, claim one is denied pursuant to § 2254(d).

> ii.      **Claims Two and Three**

In claim two, Petitioner asserts that the FPC's reliance on laches and the state court's application of laches deprived him of due process.   In support of this claim, Petitioner argues that the state court erred by allowing the FPC to assert the doctrine of laches as an affirmative defense because it is not "equitable for the FPC to lose or destroy official records then have the lower court claim prejudice to the FPC for the loss."   (Doc. 1 at 42-43).   Similarly, in claim three, Petitioner maintains that his right to due process was violated by the state court's ruling that the entire record had been reviewed despite the admission that the FPC had lost or destroyed Petitioner's records. Petitioner complains that the FPC could not have reviewed the entire record because it admitted that some of Petitioner's documents were lost or destroyed.   *Id*. at 43-45.

In denying Petitioner's petition for writ of mandamus, the state court determined that any challenge to the FPC's 1980 and 1982 calculations of Petitioner's PPRD was barred by the doctrine of laches because Petitioner was released on those PPRDs in 1994 and he absconded from supervision for more than ten years thereafter.   (Doc. No. 9-18 at 3).   The state court noted that the FPC's records concerning those PPRDs had been lost or destroyed and reasoned the FPC was prejudiced by Petitioner's more than twenty year delay in challenging those actions.   *Id*.   The state court subsequently stated that the FPC "reviewed the entire record of the Department of Corrections" in calculating Petitioner's PPRD.   *Id.* at 5.

Initially, the Court notes that the state court did not indicate that the FPC had considered Petitioner's entire record.   Instead, the state court said the FPC considered the entire record of the FDOC.   In other words, the state court recognized that the FPC had considered the record that

remained after Petitioner's twenty-year delay.    The state court determined that under state law Petitioner was precluded from challenging actions occurring more than twenty years prior because the delay was attributable to Petitioner and was prejudicial to the FPC.

Claims two and three raise matters of state law.    A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no question of a constitutional nature is involved.    *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982).    "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'"    *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)).    Claims two and three are based exclusively on state law matters that are merely "couched in terms of equal protection and due process."    *Willeford*, 538 F.2d at 1198.    Because these claims raise matters of state law only, they must be denied.[4]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.    CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."    28 U.S.C. § 2253(c)(2).

---

[4]Likewise, Petitioner has not demonstrated that the state court's application of the doctrine of laches or conclusion that the entire record of the FDOC had been reviewed despite the admission that the FPC had lost or destroyed some of Petitioner's records was contrary to, or an unreasonable application of, clearly established federal law.

To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.      The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      Petitioner is **DENIED** a Certificate of Appealability.

3.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida, this 21st day of April, 2016.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-1 4/21
Walter N. Rhodes, Jr.
Counsel of Record